AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED
MAR 1 2 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Michael Robert Suverkrubbe (01) | Case Number: 06CR1262-W |
| | Michael S. Berg |
| | Defendant's Attorney |

REGISTRATION NO. 99568198

**THE DEFENDANT**:

X   pleaded guilty to count(s)   one and nineteen of the indictment

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371, 1341 | Conspiracy to commit mail and wire fraud | 1 |
| 18 USC 1957 | Money Laundering | 19 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Remaining counts ordered dismissed.

X   Assessment : $ 200.00 payable forthwith.

X   Fine ordered waived.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

March 12, 2007
Date of Imposition of Sentence

THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

Judgment — Page 2 of 5

DEFENDANT: Michael Robert Suverkrubbe (01)
CASE NUMBER: 06CR1262-W

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months on each count, to run concurrently.

X   The court makes the following recommendations to the Bureau of Prisons:
The Court recommends placement in the western region.
The Court recommends consideration for the Bureau of Prisons, 500 hour, long term drug treatment program.

☐   The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

_____ ☐ a.m. ☐ p.m. on _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 5

DEFENDANT: Michael Robert Suverkrubbe
CASE NUMBER: 06CR1262-W

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years, each count, concurrently.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Drug testing requirements will not exceed submission of more than eight drug tests per month during the term of supervision, unless ordered by the Court.
The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d)
If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 9/00) Judgment in a Criminal Case
             Sheet 3 — Continued 2 — Supervised Release

Judgment—Page __4__ of __5__

DEFENDANT:       Michael Robert Suverkrubbe
CASE NUMBER:     06CR1262-W

## SPECIAL CONDITIONS OF SUPERVISION

__X__  The defendant shall not possess firearms, explosive devices, or other dangerous weapons.

__X__  The defendant shall submit to search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer or other law enforcement officer.

__X__  The defendant shall report all vehicles owned, operated, or in which the defendant has an interest to the probation officer.

__X__  The defendant shall not enter or reside in the Republic of Mexico without the permission of the probation officer.

__X__  The defendant shall participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay. Drug testing requirements will not exceed submission of more than eight drug tests per month during the term of supervision, unless by order of the Court.

__X__  The defendant shall participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

__X__  The defendant shall be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

__X__  The defendant shall provide complete disclosure of personal and business financial records to the probation officer as requested.

RESTITUTION

    IT IS ORDERED that the defendant pay restitution in the amount of $390,000.00, joint and several with the co-defendant, through the Clerk, U.S. District Court, to the victims listed below, payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25.00 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $100.00 per month. Distribution of restitution to the victims is to be on a pro rata basis.

| Victim | Amount |
| --- | --- |
| Dr. Mark Sawasch | $154,348.23 |
| Dr. Richard Berman | $16,557.24 |
| Union Bank of California | $18,946.63 |
| Wells Fargo Bank | $32,867.63 |
| Dr. James Mellert | $59,628.28 |
| Dr. Waleed Doany | $50,320.70 |
| Dr. Patalappa Chandrasherkar | $57,331.27 |